**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RICHARD ADAMSON,**

     **Plaintiff,**

**vs.**                                       **CASE NO. 4:05CV23-MMP/AK**

**DE POORTER, et al,,**

     **Defendants.**

                                    **/**

## REPORT AND RECOMMENDATION

Plaintiff brings this cause alleging civil rights violations by Defendant De Poorter

and six unknown officers at the Federal Detention Center in Tallahassee, Florida.  (Doc.

20).[1]  Although the complaint is on a form for suits brought by prisoners under 42 U.S.C.

§1983, a § 1983 suit challenges the constitutionality of the actions of state officials and

a Bivens suit challenges the constitutionality of the actions of federal officials.  See

---

[1]  .  "The effect of Bivens was, in essence, to create a remedy against federal
officers, acting under color of federal law, that was analogous to the section 1983 action
against state officials."  Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir.1980), *cert.
denied,* 450 U.S. 983, 101 S.Ct.1571, 67 L.Ed.2d 819 (1981).   Thus, courts generally
apply §1983 law to Bivens cases. *E.g.*, Butz v. Economou, 438 U.S. 478, 500, 98 S.Ct.
2894, 2907, 57 L.Ed.2d 895 (1978).

Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).  Thus, the  Court should

construe the complaint as one brought under 28 U.S.C. §1331 and Bivens.

Defendants have moved to dismiss this cause of action because Plaintiff failed to

avail himself of the administrative remedies at the institution.  (Doc.22).  Plaintiff has

responded.  (Doc. 23).

**I.      Allegations of the Third Amended Complaint (doc. 20).**

Plaintiff claims that Defendant De Poorter came to his cell on April 25, 2002, and

asked that he come out of his cell to participate in a proceeding on a disciplinary report

written up for an attempted escape.  (Doc. 20).  Plaintiff declined to participate in the

proceeding he calls a "shot" and his cell was then allegedly "stormed" by six unknown

officers in riot gear, who threw him to the floor, handcuffed him, and carried him to an

area known as "Receiving and Discharge."  He claims they bruised him and re-injured

his rotator cuff.  While he was still restrained, he claims they cut his clothes off him,

exposing his buttocks and genitals, while a female nurse watched and another female

officer videotaped him.  Plaintiff then claims the officers dressed him, placed him in a

wheelchair, and wheeled him to a van where he was then driven to Florida State Prison.

Plaintiff claims that the officers used excessive force against him resulting in

injury and violated his Fourth Amendment rights when they illegally searched him,

cutting his clothes off, and allowing two female officers to see his exposed buttocks and

genitals.

Plaintiff admits that he did not exhaust remedies "because federal officials

refused to provide [him] with grievance forms and rules..."  (Doc. 20, p.7).  Plaintiff

**No. 4:05cv23-mmp/ak**

declared under penalty of perjury that he requested forms from Dan Rouse and Sheila

Clark several times, and that the mail log at the institution, which he does not have

access to, will verify these attempts.  (Doc. 20, p. 8, 10).

He seeks nominal, compensatory and punitive damages in no specific amount.

## II.    Analysis

The exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the

claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321,

1324-26 (11th Cir. 1998).  There is no discretion to waive this requirement or provide

continuances of prisoner litigation in the event that a claim has not been exhausted prior

to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122

S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances

or particular episodes, and whether they allege excessive force or some other wrong.");

Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an

excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212

F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his

grievance all relevant information reasonably available to him" but he cannot be

required to name individuals responsible for challenged conduct when he could not yet

identify those persons).  Furthermore, this Court may not consider the adequacy or

futility of administrative remedies, but only the availability of such.  Higginbottom, 223

F.3d at 1261, *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only

monetary damages in a civil rights case, he must complete the prison administrative

**No. 4:05cv23-mmp/ak**

process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process. Alexander, 159 F.3d at 1323.

The Bureau of Prisons' administrative remedy process involves three levels: (1) an inmate must first file a request for administrative remedy with the institution; (2) if he is dissatisfied with the response, he then must appeal to the Regional Director; and (3) if still dissatisfied, the inmate may appeal to the General Counsel. 28 CFR §542.10.

Denise M. Gottlieb, Administrative Remedy Clerk, has attached her affidavit to the motion to dismiss and attests that she has searched Plaintiff's records and attached the print out showing his administrative remedies and there are no requests for relief shown after July 8, 2001.

Lisa Linen, Warden Clark's secretary, has attached her affidavit and attests that she keeps records of all grievance requests and while she has records of seven earlier requests from the Plaintiff, she has no record of any grievances filed regarding the current complaint.

Dan Rouse, Paralegal Specialist at FDC in Tallahassee, has attached his affidavit and relates that an inmate must first present a problem to a staff member prior to filing anything formally, and then usually requests a form from that staff member or any other institution staff member or correctional counselor. Rouse recalls receiving several letters from Plaintiff in 2004 complaining about the incident which occurred in

**No. 4:05cv23-mmp/ak**

2002, and attaches these to his affidavit, but attests that Plaintiff never requested that Rouse supply him with a grievance form.  The nature of the letters written in 2004, two years after the incident, concern Plaintiff's intent to sue over the incident and a proposed complaint he intended to file.

In his response to the motion (doc. 23), Plaintiff claims that exhaustion should be waived since he was transported to a state corrections facility immediately after the incident.  He points to BOP regulations, which state that "[t]his Program does not apply to inmates confined in other non-federal facilities."  28 CFR §542.10(b).  Defendants argue in their motion that this section means only that the BOP administrative remedy program does not apply where BOP has no authority to offer a remedy, that is to federal inmates housed in state facilities where the wrongdoing alleged pertains to state officials.  (Doc. 22, n.2).  Defendants argue also that Plaintiff does not assert that he even tried to file for administrative relief either from BOP or at the state facility.  He claims that no one would give him forms, and this is refuted by the persons from whom he claims to have sought forms from, and also by the fact that he has had writing materials available to him and was able to write Dan Rouse about filing a lawsuit, yet never asked for these forms in these letters or either to inquire about how to exhaust from a state facility.  Further, as Defendants note, Plaintiff claims in his complaint that he asked for forms from federal officials at the Federal Detention Center and they refused, yet he was in state custody immediately following the incident.  Plaintiff does not explain how he "asked" for these forms under the circumstances nor has he provided any written proof of his efforts to obtain these forms.

**No. 4:05cv23-mmp/ak**

As the case law cited above states, the Court cannot waive the exhaustion requirement and is not concerned with the adequacy of the administrative remedies, just the availability thereof.  There were, in the Court's view, a number of available remedies for Plaintiff.  One, he could have used the grievance process at the state correctional institution where he was taken to either request BOP forms or information about filing grievances concerning his treatment at the federal institution he was transferred from.[2]  Two, he does not claim that he did not have writing materials such that he could have contacted the federal correctional institution at Tallahassee to either request BOP forms or ask permission to make an informal grievance not on the proper forms or for information about the process since he was in state custody at that time.  Plaintiff had used the administrative remedy process before and has filed several lawsuits before (4:00cv309, 4:01cv222, 4:04cv389), so he is not a novice to these administrative requirements nor is he reluctant to write letters and file motions as evidenced by the present lawsuit.  Thus, the undersigned is not persuaded by Plaintiff's  feigned helplessness with regard to not having forms for filing grievances that he knew would be required in order to proceed with this lawsuit.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss (doc. 22) be **GRANTED**, and that Plaintiff's amended complaint, (doc. 20) be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).  The order adopting this report and recommendation should direct the clerk

---

[2]  Plaintiff has attached to his response his grievance efforts at Florida State Prison to obtain the videotape he alleges was taken of his assault from FCI, and there is no reason why he could not have done this to request forms from FCI.

**No. 4:05cv23-mmp/ak**

of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) and that this counts as a "strike" within the meaning of 28 U.S.C.

§1915(g).

**IN CHAMBERS** at Gainesville, Florida, this **_25th_** day of July, 2006.

_s/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:05cv23-mmp/ak**