IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD ADAMSON,

    Plaintiff,

v.                                                                       CASE NO. 4:05-cv-00023-MP-AK

DE POORTER, et al.,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, which recommends dismissing Mr. Adamson's complaint filed pursuant to 42 U.S.C. § 1983, which is construed as <u>Bivens</u> suit brought under 28 U.S.C. §1331, for failure to exhaust administrative remedies. The Magistrate Judge filed the Report and Recommendation on Tuesday, July 25, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this instance, however, no objections were made. For the reasons which follow, the Report and Recommendation is adopted.

Plaintiff seeks monetary damages against six unknown federal officers for their excessive use of force and for violating Plaintiff's Fourth Amendment rights. Though Plaintiff admits that he has failed to exhaust administrative remedies, he claims that this is "because federal officials refused to provide [him] with grievance forms and rules . . . ." Doc. 20 at 7. The requirement under 42 U.S.C. § 1997e(a) for a prisoner to first exhaust administrative remedies before filing a

Bivens claim is mandatory. Section 1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The phrase "as are available" does not give the Court discretion to consider the adequacy or futility of the administrative remedies, but only the availability of such remedies. See Higginbottom v. Carter, 223 F.3d 1259 (11th Cir. 2000).

The Court agrees with the Magistrate that because Plaintiff had a number of remedies available to him, his case must be dismissed for failure to first exhaust these remedies. Plaintiff is experienced in the administrative remedy process, and had writing materials available to request the forms required for filing the grievances required to proceed with this lawsuit. Therefore, Defendants' Motion to Dismiss, Doc. 22, is GRANTED, and Plaintiff's amended complaint, Doc. 20, is DISMISSED for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' Motion to Dismiss, Doc. 22, is GRANTED.

2. Plaintiff's amended complaint, Doc. 20, is DISMISSED for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e)

3. The Clerk is directed note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that this counts as a "strike" within the meaning of 28 U.S.C. §1915(g).

**DONE AND ORDERED** this  _21st_ day of September, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge