IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD ADAMSON,

    Plaintiff,

v.                                                            CASE NO. 4:05-cv-00023-MP-AK

LT. DE POORTER, et al,

    Defendants.

_____/

## **O R D E R**

      This matter is before the Court on Doc. 120, the Magistrate Judge's Second Report and Recommendation, concerning Defendants' motion to dismiss at Doc. 84, which was construed as a motion for summary judgment.  The Magistrate recommends that the motion be granted and that this cause be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.  The Magistrate further recommends that the order adopting the Report and Recommendation should direct the clerk to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that this counts as a "strike" against Plaintiff within the meaning of 28 U.S.C. § 1915(g).  Plaintiff has filed an objection at Doc. 126.  Plaintiff has also filed a premature Motion for Filing Fee Costs for Appeal, Doc. 123, which is denied.

### I. Background

      Plaintiff is a state prisoner and brings this Bivens action pro se for alleged constitutional torts.  Plaintiff claims the Defendant and six unknown officers used unlawful force when they stormed his cell at a federal prison, threw him to the ground, handcuffed him, carried him to the "Receiving and Discharge" area of the prison, stripped him naked in front of two female

officers--one of whom held a camera--and then dressed him and transported him to state prison.

Defendants filed a motion to dismiss at Doc. 22 for failure to exhaust administrative remedies. The Magistrate issued a Report and Recommendation at Doc. 45, which recommended that the motion be granted and the cause be dismissed. The Court then adopted the Report and Recommendation and granted the motion to dismiss. Doc. 48. Plaintiff appealed, and the United States Court of Appeals reversed, holding that it was improper to consider certain evidentiary materials beyond the pleadings. Doc. 81. The Court indicated that the proper procedure would have been to convert the motion to dismiss into a motion for summary judgment and to give Plaintiff proper notice that evidentiary materials would be considered. On remand, Defendants again moved to dismiss. Doc. 84. Upon consideration of the United States Court of Appeals' mandate, the Magistrate converted the motion to dismiss into a motion for summary judgment and gave Plaintiff an opportunity to conduct discovery and present evidentiary materials in opposition to that motion. Doc. 83.

The Magistrate Judge filed the Second Report and Recommendation on Monday, August 18, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this case, Defendant has filed an objection at Doc. 126.

## II. Defendants' Motion for Summary Judgment

Defendants' motion to dismiss, which is construed as a motion for summary judgment, seeks dismissal based on Plaintiff's failure to exhaust all available administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e. Plaintiff concedes in

his response that he did not exhaust administrative remedies on his claims but contends that this requirement should be waived for two reasons: (1) as a state prisoner no longer in Bureau of Prison ("BOP") custody, Plaintiff was not required to comply with BOP grievance procedures; and (2) Plaintiff made several unsuccessful attempts to obtain the forms needed to comply with BOP grievance procedures. Plaintiff also argues that Defendants' motion is not properly before the Court because it contains an electronic signature. That argument is frivolous. See Local Rule 5.1(A)(7).

### A.  *Plaintiff's Duty to Comply with BOP Grievance Program*

Title 28, Section 542.10(b) of the Code of Federal Regulations states that the BOP grievance program "applies to all inmates in institutions operated by the Bureau of Prisons . . . and to former inmates for issues that arose during their confinement. This Program does not apply to inmates confined in other non-federal facilities." Plaintiff seizes on the last sentence of this section and argues that, as a state prisoner, he does not have to comply with BOP grievance procedures, even though the alleged wrong occurred at a federal institution and was perpetrated by federal officers. Defendants argue that the section was only intended to prevent inmates from having to seek relief from the BOP in cases where it has no authority to provide the relief sought, such as when a federal inmate is housed in a state prison and the alleged wrongdoing concerns actions by state prison officials.

The Magistrate concluded that Plaintiff was required to comply with BOP grievance procedures. The Court agrees and reads Section 542.10(b) to require inmates who are transferred from federal prison to state prison to exhaust administrative remedies for Bivens claims that arise out of confinement at the federal prison.

### B. *Plaintiff's Alleged Attempts to Exhaust Available Administrative Remedies*

The Magistrate found that Plaintiff failed to provide sufficient evidence to support Plaintiff's contention that he made several attempts to obtain the appropriate grievance forms. Part of the reason this case was remanded was to allow Plaintiff to seek production of mail logs that he claimed would prove that he made several attempts to request the appropriate forms from the Florida Department of Corrections ("FDOC").  However, Plaintiff never requested those logs during discovery on remand.  Instead, he sought to compel only the production of BOP documents.  Apparently, Plaintiff requested from the FDOC a copy of its mail log in 2008. Plaintiff attached a copy of this request to his response to the motion for summary judgment. That request was denied with a notation that the Court would have to contact the facility. However, Plaintiff never informed the Court that he was having difficulty obtaining the mail log and never sought to compel the FDOC to produce it.  Also, Plaintiff failed to provide any copies of the letters he claims he wrote to the FDOC to obtain the necessary forms.

In their motion for summary judgment, Defendants attached disclosure statements from several of the officials from whom Plaintiff claims he requested the necessary forms.  All of the officials deny having ever received any such request.  Doc. 84.  Defendants also attached three letters from Plaintiff threatening legal action.  One offers to settle if Plaintiff's radio and Timex watch are returned to him.  They do not, however, provide any indication that Plaintiff sought to resolve the case through either state or BOP administrative procedures.

In his objection to the Report and Recommendation, Plaintiff states that he failed to obtain the mail log from the BOP because he knew it had already been destroyed.  However, Plaintiff does not explain his failure to request the mail log from the FDOC.  Plaintiff reasserts

that he made "every reasonable attempt" to exhaust administrative remedies and argues that "[t]he BOP would ignore Plaintiff's complaints no matter if they were written using state or federal forms and no matter if they were written in blood or with the services of a skywriter." Doc. 126.  Contrary to Plaintiff's suggestion, a belief that exhausting administrative remedies would be futile does not justify a prisoner's failure to exhaust those remedies.

Next, Plaintiff argues that he "does not need to prove he wrote anything to anyone: Failure to exhaust administrative remedies is an affirmative defense that the Defendants must plead and prove." Doc. 126 at 12.  It is true that failure to exhaust is an affirmative defense; a plaintiff need not specially plead exhaustion in order to state a claim.  Jones v. Bock, 127 S. Ct. 910, 921 (2007).  However, Defendants' burden of proof is satisfied in this case.  Defendants offered evidence that Plaintiff never requested the appropriate grievance forms, and the Magistrate found no evidentiary basis for Plaintiff's contrary assertion.  Upon consideration, the Court agrees with the Magistrate's finding and does not consider credible Plaintiff's contention that he made multiple requests for the appropriate forms.

Finally, Plaintiff argues in his objection that he did indeed exhaust all available administrative remedies.  Plaintiff claims that he made an informal resolution request (IRR) as required under the grievance procedures.  He argues that, because officials never responded to his request, he was prevented from filing the appropriate grievance form.  In support of his argument, Plaintiff cites Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001), where the court held that a plaintiff exhausted all available administrative remedies where the plaintiff filed an IRR, the DOC failed to respond, and the plaintiff thereafter did not file a grievance or a grievance appeal.  The instant case is distinguishable.  The relevant portions of Title 28, Code of Federal

Regulations, read as follows:

> § 542.13 Informal resolution.
>
> (a) Informal resolution. Except as provided in § 542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Each Warden shall establish procedures to allow for the informal resolution of inmate complaints.
>
> (b) Exceptions. Inmates in CCCs are not required to attempt informal resolution. An informal resolution attempt is not required prior to submission to the Regional or Central Office as provided for in § 542.14(d) of this part. An informal resolution attempt may be waived in individual cases at the Warden or institution Administrative Remedy Coordinator's discretion when the inmate demonstrates an acceptable reason for bypassing informal resolution.
>
> § 542.14 Initial filing.
>
> (a) Submission. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred.

Plaintiff points to two letters he wrote in August of 2004 informing Mr. Rouse that he would be filing suit in response to the alleged violation of his constitutional rights on April 25, 2002. Doc. 22, Ex. 3, Attachments A and B. Mr. Rouse represents that this was the first he was ever notified of those allegations. This is well beyond the 20 day deadline for seeking informal resolution under § 542.14. Therefore, even if Plaintiff's letter could be interpreted as a request for informal resolution of his claim, Plaintiff failed to meet the appropriate deadline. In any event, Plaintiff never requested the appropriate form or indicated a desire to pursue administrative remedies. Rather, Plaintiff simply gave notice in 2004 of his intent to sue for an incident that occurred in 2002 and offered to settle his case for a return of his property. This was not the proper method for exhausting the administrative remedies available to Plaintiff.

### III.  PLRA Strike Against Plaintiff

Plaintiff also objects to the Magistrate's recommendation that Plaintiff be issued a strike pursuant to 28 U.S.C. § 1915(g) for bringing a claim that is frivolous, malicious, or fails to state a claim.  In Jones, the Court held that failure to exhaust administrative remedies is an affirmative defense that need not be specially plead in order to state a claim. 127 S. Ct. at 921, abrogating Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998).  Plaintiff argues that this holding precludes the issuance of a strike for failure to state a claim in a dismissal for failure to exhaust.

However, as the Court noted in Jones, the categorization of a ground for dismissal as an affirmative defense does not necessarily preclude dismissal for failure to state a claim.  "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of that ground in the abstract." Jones, 127 S. Ct. at 921 (citing Leveto v. Lapina, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted))).  Thus, at least one court has held that failure to exhaust may warrant the issuance of a strike, but only where dismissal for failure to exhaust comes on a motion to dismiss for failure to state a claim or where the court dismisses the complaint *sua sponte* and expressly states that it fails to state a claim.  See Thompson v. DEA, 492 F.3d 428 (D.C. Cir. 2007); see also Green v. Young, 454 F.3d 405, 409-410 (4th Cir. 2006) (holding that routine dismissals for failure to exhaust administrative remedies do not qualify as a strike but that atypical cases involving evidence of frivolousness or malice may still qualify).

In light of the decision in Jones, the Court finds the reasoning in Thompson and Green to

be persuasive. As demonstrated by this Court's treatment of Defendant's motion to dismiss as a motion for summary judgment, it is a rare case in which the affirmative defense of failure to exhaust administrative remedies will appear on the face of the pleadings. Here, the Court's finding that Plaintiff failed to exhaust all available administrative remedies is based in large part on Defendants' Rule 56(e) evidence. Therefore, it cannot be said that Plaintiff has failed to state a claim within the meaning of § 1915(g). Absent evidence of frivolousness or malice on the part of Plaintiff, a strike in this case would not be warranted.

Plaintiff represents in his objection that he is a paralegal with 19 years of experience and that he was well aware that failure to exhaust all available administrative remedies would bar his claim. Doc. 126 at 14. He asserts that he made "every reasonable attempt" to exhaust those remedies, arguing that "[i]t is not rational to believe that a 'litigious' jailhouse lawyer of such long standing would willfully abandon one of the most potentially lucrative lawsuits of his career." Id. As discussed above, however, Plaintiff presented no evidence of his attempts to exhaust administrative remedies, and, upon consideration of the evidence presented by Defendants, the Court does not consider Plaintiff's bare assertion that he made such attempts to be credible. Where a plaintiff brings a claim with full knowledge that it is subject to dismissal for failure to exhaust administrative remedies, a finding of frivolousness may be appropriate. Here, though, Plaintiff's argument that he was not required to comply with BOP grievance procedures due to his transfer to state prison is at least debatable. The Court finds therefore that

a strike is not warranted.  Accordingly, it is hereby

      **ORDERED AND ADJUDGED:**

1.     The Second Report and Recommendation of the Magistrate Judge, Doc. 120, is adopted in part and incorporated herein.

2.     Defendants' Motion for Summary Judgment, Doc. 84, is GRANTED.

3.     Plaintiff's motion in his objection, Doc. 126, that this cause be transferred to the Pensacola Division is DENIED.

4.     Plaintiff's Motion for Filing Fee Costs for Appeal, Doc. 123, is DENIED.

**DONE AND ORDERED** this   *25th* day of September, 2008

                *s/Maurice M. Paul*
            Maurice M. Paul, Senior District Judge